RICHARD SWALLOW, PLAINTIFF-RESPONDENT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted February 12, 1937—Decided April 30, 1937.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *John F. Leonard,* of counsel).

For the respondent, *Townsend & Doyle* (*Mark Townsend* and *Thomas F. Doyle,* of counsel).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. Plaintiff-respondent was hurrying to board a train of the defendant-appellant at its station at "Erie" in Jersey City. The train was in the station as he reached the platform which is of concrete with a wood nosing on its edge at the train side. A notch, one and one-eighth inches by two and three-quarters inches had been cut into this nosing to permit the passage of a flexible air hose from an air line under the platform for use in cleaning and kalsomining the station. Within the notch were bent nails which were used as clamps or holders to keep the hose in place.

Appellant hurried, probably ran, from the foot of the stairway leading from the upper level of the station to the train platform to and toward an open door of the train and he testified that as he was about to board the train his heel caught in this notch causing him to fall between two cars of the train and into the track pit as a result of which he was injured. The result of the trial of an action brought by him against the appellant was a verdict and judgment thereon in his favor. From this the defendant below appeals and seeks a reversal upon two grounds; refusal to nonsuit and refusal to direct a verdict in its favor.

These refusals are said to be erroneous because there was no proof of any negligence on the part of the defendant which was the proximate cause of the happening and that the plaintiff was guilty of contributory negligence.

An examination of the proofs shows that there were facts and circumstances making both of these matters such as to require the consideration and determination of them by the jury.

When that is the situation it would be error to withdraw the cause from the jury. This rule and principle is too well and firmly established to require the citation of any authorities.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 16.

*For reversal*—None.